

FILED

OCT 1 6 2014

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

-vs-

D-1 JASON FLOAREA,

Defendant.

_____/

Criminal No. 14-20614

HON. NANCY G. EDMUNDS

OFFENSE:  InterstateTransportation
of Stolen Property

MAXIMUM PENALTIES:
10 Years Imprisonment

MAXIMUM FINE: $250,000

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant JASON FLOAREA and the government agree as follows:

1. **GUILTY PLEA**

   A. **Count(s) of Conviction**

   Defendant will waive indictment and enter a plea of guilty to the Information which charges Interstate Transportation of Stolen Property.

   B. **Elements of Offense**

The elements of the offense are:

1.) Defendant caused goods to be transported or transmitted in foreign commerce having a value of $5,000 or more; and

2.)    Defendant did so knowing the goods to have been stolen or taken by fraud.

### C.    <u>Factual Basis for Guilty Plea</u>

The parties agree that the following facts about defendant's crimes constitute a sufficient basis for defendant's guilty plea as required by Fed.R.Crim.P. 11(b)(3). On May 7, 2012, JASON FLOAREA caused ten boxes to be shipped via Federal Express from Romulus, Michigan to several addresses in Hong Kong, China.   The shipment was not entered into the Automated Export System as required by law. During an outbound border search inspection, Homeland Security Investigations (HSI) agents discovered that the ten boxes contained a total of three hundred (300) cellular telephones.   Based upon the IMEI identification numbers from the telephones, HSI agents determined that the above referenced telephones were obtained by fraud, using what is known as credit muling tactics.   Credit muling occurs when street vendors solicit persons to purchase cellular telephones in bulk by entering into cellular telephone contracts which they have no intention of fulfilling.   The telephones are then sold.   FLOAREA caused the above-referenced telephones to be shipped in foreign commerce knowing they were stolen or obtained by fraud.

2.   **SENTENCING GUIDELINES**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.   **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, defendant's statutorily restricted guideline range is **12 to 18 months**, as set forth on the attached worksheets.   If the Court finds:

a) that defendant's criminal history category is higher than reflected on the attached worksheets, or

b) that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense(s); or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than **12 to 18 months**, the higher guideline range becomes the agreed range.   However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

- 3 -

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b).

3.   <u>SENTENCE</u>

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

A.   **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C),  the parties agree that any sentence of imprisonment in this case may not exceed **18 months**.

B.   **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **3 years**. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

C.   **Special Assessment**

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D.   Fine

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree that any fine in this case may not exceed **$50,000**.

### E.   Restitution

The Court shall order restitution to every identifiable victim of defendant's offense(s) and all other relevant conduct.

### F.   Forfeiture

As part of this agreement, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Federal Rule of Criminal Procedure 32.2, the defendant agrees to forfeit his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the defendant's violation of 18 U.S.C. § 2314, as charged in Count One of the Information.

Criminal Forfeiture:   Property subject to forfeiture in these criminal proceedings includes, but is not limited to, the following forfeiture money judgment representing the total value of the property subject to forfeiture for defendant's violation of Count One of the Information:

**A Forfeiture Money Judgment In The Amount of One Hundred Twenty Thousand Dollars ($120,000)**

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of

defendant.    Defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

To satisfy the money judgment, defendant agrees that at or before the plea hearing, or within sixty (60) days thereafter, he will deliver to the United States Attorney's Office a cashier's check, or other certified funds, payable to the "United States of America" in the amount of $120,000.

Other Judicial Forfeiture: Defendant hereby agrees to forfeit to the United States and abandon any and all right, title and interest he and, as its President and authorized representative, ACE Wholesale, Inc. may possess in each of the assets listed below at items "a" through "ee" ("Subject Property").    Defendant agrees that neither he or ACE Wholesale Inc. will challenge the forfeiture of any of the Subject Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, including the presently pending federal civil forfeiture case in the Northern District of Georgia (*United States of America v. $248,820.00 in U.S. Currency*, 13 cv 02612 (N.D. Ga.)).    Defendant further agrees that if he is presented by the government with a stipulated consent judgment or settlement agreement regarding the forfeiture of any or all of the Subject Property, the Defendant will sign and return the document within fourteen (14) days of his receipt

- 6 -

of the document. Any stipulated consent judgment or settlement agreement will be signed by Defendant on his own behalf and on behalf of ACE Wholesale, Inc.   The Subject Property to be forfeited is identified as the following:

<u>United States Currency</u>

a.   Two Hundred Fifty Nine Thousand Seven Hundred Ninety Seven Dollars and Sixty Cents ($259,797.60) in U.S. Currency from Sun Trust Bank Account No. 1000147564909;

b.   Sixty Nine Thousand Dollars ($69,000) in U.S. Currency from Comerica Bank Account No. 1850867696;

c.   Eighteen Thousand Eight Hundred Sixty Dollars and Thirty Six Cents ($18,860.36) in U.S. Currency from Comerica Bank Account No. 1852705407;

d.   Six Thousand Five Hundred Eighteen Dollars and Two Cents ($6,518.02) in U.S. Currency from Comerica Bank Account No. 06823066516;

e.   Five Thousand Fifty Two Dollars and Eighty Cents ($5,052.80) in U.S. Currency from Comerica Bank Account No. 9412768583;

f.   Two Hundred Forty Eight Thousand Eight Hundred Twenty Dollars ($248,820.00) in U.S. Currency seized at 3350 Chamblee Tucker Road, Suite F located in Atlanta, Georgia;

g.   One Hundred Fifty Thousand Dollars ($150,000) in U.S. Currency seized at 12886 Westmore located in Livonia, Michigan;

h.   One Hundred Eighty Thousand Dollars ($180,000) in U.S. Currency seized at 12886 Westmore located in Livonia, Michigan;

i.   Fourteen Thousand Three Hundred Sixty Dollars ($14,360) in U.S. Currency seized at 7821 Telegraph Road located in Taylor, Michigan;

j.      Seven Thousand Four Hundred Dollars ($7,400) in U.S. Currency seized at 69XX Falcon Court located in West Bloomfield, Michigan;

k.      Two Thousand Five Hundred Dollars ($2,500) in U.S. Currency seized at 100 E. Big Beaver Road #905 located in Troy, Michigan;

<u>Electronics</u>

l.      Three Thousand Four Hundred Forty-Nine (3,449) Assorted Cellular Telephones seized at 7821 Telegraph Road located in Taylor, Michigan;

m.      One Thousand Ninety Five (1,095) Assorted Electronic Equipment Items seized at 7821 Telegraph Road located in Taylor, Michigan;

n.      Fifty Nine (59) Assorted Cellular Telephones seized at the Detroit Metropolitan Airport Cargo Office located in Romulus, Michigan;

o.      Fifteen (15) Assorted Electronic Equipment Items seized at 69XX Falcon Court located in West Bloomfield, Michigan;

p.      Two (2) Assorted Cellular Telephones seized at 69XX Falcon Court located in West Bloomfield, Michigan;

q.      One (1) T-Mobile Blackberry "Bold" model seized at 69XX Falcon Court located in West Bloomfield, Michigan;

r.      Forty Two (42) Assorted Electronic Equipment Items seized at 100 E. Big Beaver Road #905 located in Troy, Michigan;

s.      Nine (9) Assorted Cellular Telephones seized at 100 E. Big Beaver Road #905 located in Troy, Michigan;

t.      Nine (9) Assorted Blackberry models seized at 100 E. Big Beaver Road #905 located in Troy, Michigan;

u.      Eleven (11) Assorted Electronic Equipment Items seized at 20755 Island Lake located in Taylor, Michigan;

v.    Two (2) Assorted Cellular Telephones seized at 20755 Island Lake located in Taylor, Michigan;

w.    One (1) Blackberry Model 9870 seized at 20755 Island Lake located in Taylor, Michigan; and

Firearms/Ammunition

x.    Two (2) Assorted Firearms seized at 69XX Falcon Court located in West Bloomfield, Michigan;

y.    Nineteen (19) Rounds of Assorted Ammunition seized at 6974 Falcon Court located in West Bloomfield, Michigan;

z.    One (1) Ammunition Magazine seized at 69XX Falcon Court located in West Bloomfield, Michigan;

aa.   Ninety (90) Rounds of Assorted Ammunition seized at 100 E. Big Beaver Road #905 located in Troy, Michigan;

bb.   One (1) Ammunition Magazine seized at 100 E. Big Beaver Road #905 located in Troy, Michigan;

cc.   Two (2) Assorted Firearms seized at 20755 Island Lake located in Taylor, Michigan.

Miscellaneous Items

dd.   Thirteen (13) Franklin Gun Safe(s) seized at 7821 Telegraph Road located in Taylor, Michigan;

ee.   Forty (40) Assorted Household Items/Tools seized at 7821 Telegraph Road located in Taylor, Michigan;

The defendant also agrees that he shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture,

disgorgement, transfer or surrender of all rights, title, and interest, regardless of their nature or form, in the assets which the defendant has agreed to forfeit, disgorge, transfer, abandon or surrender, and any other assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to his knowledge have accumulated as a result of illegal activities.   Such assistance will involve an agreement on defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, disgorgement, transfer or surrender, including but not limited to the specific property set forth above.   He also agrees to undergo any polygraph examination the Government may choose to administer concerning such assets.

The defendant agrees to consent to the entry of orders of forfeiture for all property to be forfeited and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, including taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in any judicial forfeiture proceeding and that he will testify truthfully in any such proceeding if called upon to testify. If any other person or entity has any interest in the property covered by this plea agreement, Defendant will assist in obtaining a release of interest from any such other person or entity.

Defendant further agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property referenced in this Plea Agreement.

Non-Abatement of Forfeiture: Defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant

11

to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.   Any amount remaining to be paid to the forfeiture money judgment may be collected from Defendant's estate in accordance with the Federal Debt Collection Procedures Act until the forfeiture money judgment is collected in full.

## 4.   EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3.   This is the only reason for which defendant may withdraw from this agreement.   The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

## 5.   WAIVER OF APPEAL

Defendant waives any right he may have to appeal his conviction.   If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant also waives any right he may have to appeal his sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

## 6.   CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA/ VACATION OF CONVICTION

If defendant is allowed to withdraw his guilty plea(s) or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement.   If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing his to withdraw his guilty plea(s) becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea(s) or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

7.    **PARTIES TO PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

8.    **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

9.   ACCEPTANCE OF AGREEMENT BY DEFENDANT

This plea offer expires unless it has been received, fully signed, in the Office of the United States Attorney by **5:00 P.M. on October 6, 2014.** The government reserves the right to modify or revoke this offer at any time before defendant pleads guilty.

BARBARA L. MCQUADE
United States Attorney

_____
GJON JUNCAJ
ASSISTANT UNITED STATES ATTORNEY

_____
KENNETH R. CHADWELL
ASSISTANT UNITED STATES ATTORNEY

BY SIGNING BELOW, DEFENDANT ACKNOWLEDGES THAT HE HAS READ (OR BEEN READ) THIS ENTIRE DOCUMENT, UNDERSTANDS IT, AND AGREES TO ITS TERMS.  HE ALSO ACKNOWLEDGES THAT HE IS SATISFIED WITH HIS ATTORNEY'S ADVICE AND REPRESENTATION.  DEFENDANT AGREES THAT HE HAS HAD A FULL AND COMPLETE OPPORTUNITY TO CONFER WITH HIS LAWYER, AND HAS HAD ALL OF HIS QUESTIONS ANSWERED BY HIS LAWYER.

_____
JAMES C. THOMAS
ATTORNEY FOR DEFENDANT

_____
JASON FLOAREA
DEFENDANT

DATED: OCTOBER 16, 2014

DATED: OCTOBER 16, 2014

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

### 1. BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Transportation of Stolen Property | 6 |
| 2B1.1(b)(1)(E) | Loss Exceeded $70,000 | 8 |
| 2B1.1(b)(4) | Business of Receiving Stolen Property | 2 |
| | | |
| | | |

### 2. ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)

| Guideline Section | Description | Levels |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

A-1

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

**3.   ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

<div style="float:right;border:2px solid;padding:10px">16</div>

********************

*If this is the only Worksheet A, check this box and skip Worksheet B.*     ✓

*If the defendant has no criminal history, check this box and skip Worksheet C.*     ✓

A-2

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

# **WORKSHEET D (Guideline Range)**

**1.** **(COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

> 16

**2.** **ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY (U.S.S.G. § 3E1.1)**

> -3

**3.** **TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

> 13

**4.** **CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

> I

**5.** **CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. ch. 4, pt. B)**
    a.  Total Offense Level: If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

> 

    b.  Criminal History Category: If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

> 

**6.** **GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.

> 12-18
>
> months

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
   If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.

months

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

# WORKSHEET E (Authorized Guideline Sentences)

1. **PROBATION**
   a. <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

   [×]   1. Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

   [ ]   2. Probation is authorized by the guidelines (minimum of guideline range = zero months).

   [ ]   3. Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

   b. <u>Length of Term of Probation</u> (U.S.S.G. § 5B1.2)

   [ ]   1. At least 1 year but not more than 5 years (total offense level ≥ 6)
         2. No more than 3 years (total offense level < 6).

   c. <u>Conditions of Probation</u> (U.S.S.G. § 5B1.3)

2. **SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

   [ ]   a. A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

   [×]   b. A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

3. **IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**
   A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

E-1

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

4. **SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

   a. <u>Imposition of a Term of Supervised Release</u> (U.S.S.G. § 5D1.1)

   The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

   b. <u>Length of Term of Supervised Release</u> (U.S.S.G. § 5D1.2)

   ☐ 1. At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment ≥ 25 years.

   ☒ 2. At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment ≥ 5 years but < 25 years.

   ☐ 3. 1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment > 6 months but < 5 years.

   ☐ 4. The statute of conviction requires a minimum term of supervised release of _____ months.

   c. Conditions of Supervised Release (U.S.S.G. § 5D1.3)

   The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

5. **RESTITUTION (U.S.S.G. § 5E1.1)**

   ☐ 1. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

   ☐ 2. The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is $_____.

E-2

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

☒  3.  The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐  4.  The parties agree that the court ***may also*** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐  5.  Restitution is not applicable.

## 6. FINE (U.S.S.G. § 5E1.2)

a.  <u>Fines for Individual Defendants</u>

The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).)  Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table.  (*See* U.S.S.G. § 5E1.2(b).)  However, there are exceptions to this general rule.  (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

b.  <u>Fine Range from Fine Table  (U.S.S.G. § 5E1.2(c)(3))</u>

| **Minimum Fine** | **Maximum Fine** |
|---|---|
| $5,000 | $50,000 |

E-3

| Defendant: | Jason Floarea | Count: | 1 |
|---|---|---|---|
| Docket No.: | 14-20614 | Statute(s): | 18 U.S.C. sec 2314 |

### 7. SPECIAL ASSESSMENT(S)  (U.S.S.G. § 5E1.3)

The court must impose a special assessment on every count of conviction.  The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $ 100.00       .

### 8. FORFEITURE (U.S.S.G. § 5E1.4)

[X]  Assets of the defendant will be forfeited.     [ ]  Assets of the defendant will not be forfeited.

### 9. ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES

List any additional applicable guideline, policy statement, or statute.

### 10. UPWARD OR DOWNWARD DEPARTURE  (U.S.S.G. ch. 5, pts. H & K)

List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

Rev. 07/13

E-4