UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Respondent,

v.

JASON FLOAREA,

    Petitioner.

                                                   /

Case No. 14-20614

Honorable Nancy G. Edmunds

**OPINION AND ORDER DENYING PETITIONER'S § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [24]**

Petitioner–Defendant Jason Floarea pleaded guilty to a one-count information charging him with interstate transportation of stolen property in violation of 18 U.S.C. § 2314. As part of the plea agreement, Floarea waived the indictment and voluntarily appeared to be arraigned on the information. On April 16, 2015, the Court accepted the parties' Rule 11 plea agreement and sentenced Floarea to 12 months and one day of imprisonment- the low end of the agreed upon guideline range. Floarea took no direct appeal of his conviction or sentence.[1] Instead, he filed the instant request pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. For the reasons stated more fully below, the Court DENIES Floarea's request. [24].

---

[1] It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). As such, "claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime." *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal citations omitted). Here, Floarea does not argue that he is actually innocent and there is no doubt that many of his claims should have been raised on direct appeal. The Court addresses the substantive merit of his motion nonetheless.

I. **ANALYSIS**

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on a § 2255 motion, the petitioner must allege: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (internal quotations omitted).

### A. Ineffective Assistance of Counsel

While Floarea raises four distinct arguments in support of his motion, they all revolve around the same general premise; namely, that his trial counsel was constitutionally ineffective. To prevail on an ineffective assistance claim, Floarea must show that his counsel's performance was both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Deficient performance requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* In other words, Floarea must show that his counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. "This standard is highly deferential, and there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " *Mallett*, 334 F.3d at 497 (quoting *id.* at 689). In the context of a guilty plea, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going

2

to trial.'" *Thomas v. Foltz*, 818 F.2d 476, 480 (6th Cir. 1987) (quoting *Hill v. Lockhart*, 106 S. Ct. 366, 370 (1985).

As a preliminary matter, Floarea has, in effect, conceded that he cannot establish prejudice under *Strickland* by failing to assert that he "would have insisted on going to trial" but for his counsel's alleged errors. *Id.* Instead, he maintains that his "attorney induced [him] into a plea agreement by stating he would obtain probation . . . ." (Def.'s Mot. 2). As the Sixth Circuit has pointed out, "[t]hat assertion does not establish prejudice, as it is relevant only to sentencing and not to whether [the defendant] would have pled guilty." *United States v. Garfolo*, 425 Fed.Appx. 460, 462 (6th Cir. 2011). Indeed, Floarea is quick to admit that he "violated some of the law in question"- suggesting, at a minimum, that he has no interest in seeking a trial in this matter. (Def.'s Br. 2). For that reason alone his ineffective assistance of counsel claims are without merit. *See Cutlip v. Smith*, 12 F.3d 211, 1993 WL 524229, at *2 (6th Cir. Dec.15, 1993) (unpublished table decision) ("[P]etitioner clearly fails to establish the prejudice prong of the *Strickland* test because he does not allege that he would have insisted on going to trial . . . . ").

Even assuming, *arguendo*, that Floarea was able to establish prejudice, he has fallen far short of convincing the Court that his counsel's performance was constitutionally deficient. Indeed, according to Floarea, his "counsel made unrealistic promises to [him] . . . by stating he would receive simple probation." (Def.'s Br. 1). But the Rule 11 plea agreement is clear that, (1) Floarea's sentencing guideline range was 12 to 18 months, (2) "probation [was] not authorized . . . .", and (3) the document constituted the "complete agreement between the parties." (Dkt. 5, Rule 11 Plea Agreement, ¶¶ 2B, 3A). Furthermore, during his plea hearing, Floarea acknowledged that he understood and

accepted the terms of the Rule 11 agreement, and that no one "made any other or different promise or assurance of any kind in effort to get [him] to plead guilty[]." (Dkt. 12, October 16, 2014 Plea Hearing, Tr. 14); *see United States v. Noland*, No. 5:09-CR-17, 2015 WL 3819927, at *8 (E.D. Ky. Apr. 23, 2015) ("[w]hen viewed in its entirety, the record does not provide any support for [d]efendant's claim that he was coerced into pleading guilty. The colloquy during his rearraignment established that [d]efendant was competent to plead guilty, that he was aware of his rights, and that he was not being forced into the plea agreement.") This is further substantiated by Floarea's own counsel who, in an affidavit provided to the Court, maintained that "[a]t no time was Mr. Floarea ever assured of any sentence since the judge reserved that to herself on the record . . . ." (Gov. Br. Aff. of James C. Thomas, Ex. 1 at ¶ 9). Where, as here, a petitioner's claim "cannot be accepted as true because [it is] contradicted by the record, . . . ." an evidentiary hearing is not required. *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999) (internal quotations omitted).

Floarea's remaining three claims can likewise be summarily dismissed. First, he maintains that he "admitted guilt to a crime without . . . ever being read his Miranda rights . . . ." (Def.'s Br. 3). But *Miranda* only applies to custodial interrogation, which the Supreme Court has defined as "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived or his freedom of action in any significant way." *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Here, the Government contends that Floarea "was never in custody or interrogated, nor did he make any incriminating statements to law enforcement." (Gov. Br. 4). Floarea offers nothing to contradict the Government's assertion, and there is no question that *Miranda* "does not

apply outside the context of the inherently coercive custodial interrogations for which it was designed." *Roberts v. United States*, 445 U.S. 552, 560 (1980).

Next, Floarea argues that "defense counsel refused to attack [the Government's search of his home and business] or request an inquiry or obtain the search warrants no matter how many pleas his client made." (Def.'s Br. 3). According to the Government, however, "[a]lthough the search warrants and joint affidavit remained sealed, [counsel] was provided with a copy of the extensive affidavit by the government during the plea negotiations . . . ." (Gov. Br. 5). Floarea's counsel corroborates this assertion, noting that he "was allowed to review the search warrant affidavit. Th[e] document [was] specific, detailed and was evaluated and determined to sufficiently establish the government's probable cause to search. The search warrant was not 'vague' in any way.'" (Aff. of Thomas at ¶ 5). Floarea fails to offer any plausible legal basis in support of the notion that his counsel was ineffective by failing to challenge the propriety of the search warrants. "Defendants seeking to set aside their sentences pursuant to 28 U.S.C. § 2255 have the burden of sustaining their contentions by a preponderance of the evidence." *McQueen v. United States*, 58 F. App'x 73, 76 (6th Cir. 2003) (per curiam). Floarea's challenge on this score amounts to little more than unsubstantiated rhetoric. Without more, Floarea has failed to meet his burden of establishing that "no search warrant was given." (Def.'s Br. 3).

Finally, Floarea argues that the "two and half year span between [the] raid on his property" and his guilty plea was "clearly in violation of his Due Process Rights." (Def.'s Br. 4). This is nonsensical for at least two reasons. First, as the Government points out, the search of Floarea's properties "netted voluminous material including computer drives." (Gov. Br. 6). Significantly, transportation of stolen property under § 2314--the crime

5

Floarea pleaded guilty to--carries a five-year statute of limitations. 18 U.S.C. § 3282(a). In this way, the Government was well within its rights to wait two years before formally filing the information. Furthermore, the Speedy Trial Act "imposes two limits on the prosecution of a criminal defendant: (1) the government must file an indictment within 30 days of the defendant's arrest, 18 U.S.C. § 3161(b); and (2) the defendant's trial must commence within 70 days of his initial appearance or the filing of the indictment, whichever occurs last, id. § 3161(c)(1)." But Floarea was never arrested or indicted, and his guilty plea was entered on the same day that he was arraigned. Accordingly, the Court is satisfied that Floarea's Due Process rights were adequately protected. Furthermore, because the "motion and the files and records of the case show conclusively that Petitioner is entitled to no relief", 28 U.S.C. § 2255(b), the Court declines to hold an evidentiary hearing.

### B. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 and 2255 Proceedings requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir.1997). To

receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (internal quotes and citations omitted).

A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F.3d 261, 266 (6th Cir. 2000). For the reasons stated in this opinion, the Court will deny Floarea a certificate of appealability because he has failed to make a substantial showing that his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. The Court concludes that reasonable jurists would not debate the Court's denial of Floarea's claim of ineffective assistance of counsel, and thus declines to issue a certificate of appealability.

## II.   CONCLUSION

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is DENIED WITH PREJUDICE. IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated:  January 10, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 10, 2016, by electronic and/or ordinary mail.

                <u>s/Carol J. Bethel</u>
                Case Manager